JOHN F. KNELLER AND ANOTHER, PLAINTIFFS, *v.* GERHARD LANG, DEFENDANT.

*Specific performance — merchantable title — adverse possession — the vendor must furnish proof of possession where he claims under such a title — Code of Civil Procedure, sec. 369.*

John F. Kneller and wife agreed, in writing, to convey by warranty deed to one Lang certain premises, of which the record failed to show title out of one James Sheldon, who had owned the premises thirty years prior to such agreement. In 1851 one Gauchat gave a mortgage of the land to Sheldon, which recited that it was given to secure payment of the purchase-price thereof. In 1854 this mortgage was discharged to Gauchat by its owner. Gauchat and his grantees, among whom was Kneller, had been in possession of the premises since 1854. No deed to Gauchat appeared of record.

*Held,* that the title was not merchantable, and specific performance should not be decreed.

That an adverse possession must, in order to ripen into a title under section 369 of the Code of Civil Procedure, be founded "upon a written instrument as being a conveyance of the premises in question."

That the burden of showing, under the same section, "a continued occupation and possession of the premises * * * for twenty years under the same claim" cannot be thrown upon the purchaser.

SUBMISSION of a controversy upon admitted facts between John F. Kneller and Mary, his wife, as plaintiffs, and Gerhard Lang, as defendant, under section 1279 of the Code of Civil Procedure.

This is a submission to this court of a controversy upon admitted facts under section 1279 of the Code of Civil Procedure, and the

facts are as follows: On the 30th day of January, 1891, the parties to this action entered into a written contract of sale, the plaintiffs agreeing to convey by warranty deed to the defendant certain lands in the town of Cheektowaga, county of Erie, containing about eighty-two acres, for the sum of $20,000, the contract being, in form, in all respects sufficient to bind the parties. The premises consisted of three adjoining parcels, and, for the purpose of identification, were numbered one, two and three in the submission papers. The controversy concerns parcel number two, which lies between and adjoining parcels one and three. More than thirty years ago one James Sheldon was the owner of the three pieces of land. The records of the county of Erie fail to show title out of Sheldon of parcel number two. April 29, 1851, one Philip Gauchat gave a mortgage to Mr. Sheldon, covering parcel number, two to secure the sum of $602. The mortgage contained the following clause: " This mortgage being given to secure the payment of the purchase-price of the above-described premises."

The mortgage was properly recorded. Sheldon assigned the mortgage December 10, 1851, to Mr. John H. Bliss, and Bliss began an action March 17, * 1854, against Philip Gauchat for the foreclosure of said mortgage. Bliss discharged the mortgage to Philip Gauchat by an instrument bearing date December 4, * 1851, and which was recorded February 18, * 1854. The records failed to show any title in Gauchat of parcel number two, but on or about September 11, 1854, he conveyed said piece by deed recorded October 19, 1854. Gauchat and his several grantees were in the undisturbed possession of said piece for twenty years and upwards, and the plaintiff, John F. Kneller, is one of said grantees. Sheldon died intestate May, 1887, leaving him surviving several children, some of whom are minors.

No action or proceeding at law has ever been brought or instituted to establish the rights of the Sheldon heirs to this property. The plaintiffs executed, acknowledged and tendered to the defendant a good and sufficient deed of conveyance of the premises. Defendant refused to complete his contract for the purchase of the lands, giving as the reason for such refusal that the title to the whole

---

* So in appeal papers.

premises was not complete and perfect in the plaintiff, John F. Kneller; but that the omission or want of a deed from Sheldon is a cloud upon the title, and that by virtue thereof some person or persons other than John F. Kneller have some right, title or interest therein. The plaintiffs claim that the title to the land is perfect and complete, and insist that Lang shall perform his contract, and they demand judgment to that effect. No other objection is raised to the title.

*Clarence W. Wilson*, for the plaintiffs.

*James G. Smith*, for the defendant.

LEWIS, J.:

The defendant is entitled to a good merchantable title, one that he can sell in the market, and upon which he can, if he desires, procure a loan of money. The record title is concededly imperfect, there being no record evidence that Philip Gauchat, under whom the plaintiffs claim title, ever had a deed of the premises.

An instrument in writing, subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, is necessary to convey the fee to land in this State. The acceptance of the mortgage containing the clause mentioned did not convey a title to the premises to Gauchat. It was sufficient to raise a presumption that Gauchat had at least an equitable interest in the property which might entitle him to a conveyance, if one had not been made; but to make it available an action would be necessary, and the Sheldon heirs would have to be parties thereto in order to obtain an adjudication which would bind them. It is not incumbent upon the defendant to institute and prosecute such an action in order to perfect the title.

It is contended by the plaintiff that Philip Gauchat and his several grantees having been in the undisturbed possession of the premises for twenty years and more, and the plaintiff John F. Kneller being one of the grantees, his title to the premises is complete. (Code of Civil Pro., § 369.) The admitted facts fail to state that they were in possession, founding their claim upon a written instrument as being a conveyance of the premises in question.

It was necessary, in order that their possession of the premises for twenty years should ripen into a title, that it should be held

under a claim of title exclusive of any other right, founding this claim upon a written instrument as being a conveyance of the premises in question. There is nothing in the papers showing that these premises were thus held. While there are authorities holding that a purchaser at a judicial sale may be compelled to take a title obtained by a continued possession of twenty years, the title must be accompanied with proof of such possession. The burden of procuring the evidence to establish the continuous possession for the requisite time cannot be imposed upon the purchaser. It was not contemplated by the parties entering into the contract that such a burden was to be imposed upon the defendant.

Plaintiffs have, we think, failed to show that they have a merchantable title to the premises, and the defendant is entitled to judgment that he be relieved from fulfilling the contract.

Dwight, P. J., and Macomber, J., concurred.

Judgment on the submission ordered for the defendant.